PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS HILL, | ) | |
| | ) | CASE NO. 4:12cv229 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| C.O. RUBOWSKY, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Demetrius Hill filed this *Bivens* action against Northeast Ohio Correctional Center ("NEOCC") Correction Officer Rubowsky and Chief Rodriguez.  Plaintiff also asserts claims under 42 U.S.C. § 1983 "insofar as [the Defendants] act under color of state law."  ECF No. 1 at 1. In the Complaint, Plaintiff alleges Rubowsky retaliated against him for filing grievances.  He seeks monetary relief.

## I.  Background

Plaintiff alleges he approached several attorneys in the legal visiting area and requested their services in his own litigation.  ECF No. 1 at 2.  He also complained to his unit manager that he was not receiving legal calls.  ECF No. 1 at 2.  He claims Rubowsky threatened to send him to segregation if he did not stop discussing the conditions of his confinement with the attorneys.  ECF No. 1 at 2.  Plaintiff told Rubowsky he should not be listening to Plaintiff's conversations with his attorneys.  ECF No. 1 at 2.  He indicates these incidents occurred on several occasions.  ECF No. 1 at 2.

(4:12cv229)

Plaintiff went to his unit manager and requested that she address the issue.  ECF No. 1 at 2. He also requested informal complaint resolution forms.  ECF No. 1 at 2.  He contends that after he spoke to his unit manager in June 2011, Rubowsky began to deny him legal calls to his attorney, saying there were no rooms available for the call to be made.  ECF No. 1 at 2.  Plaintiff again spoke to his unit manager indicating he had a court order to the calls.  ECF No. 1 at 2.

Plaintiff alleges that on July 20, 2011, Rubowsky opened Plaintiff's door and escorted him to the legal call area and placed a call to Plaintiff's attorney for him.  ECF No. 1 at 2.  While Plaintiff was speaking with his attorney, Rubowsky allegedly called Lieutenant Fedor and Lieutenant Kelti and told them that Plaintiff was in an unauthorized area.  ECF No. 1 at 2-3.  Plaintiff was told to terminate his call and was informed he was going to segregation.  ECF No. 1 at 3.  A conduct report was written Rubowsky.  ECF No. 1 at 3.  Plaintiff was found not guilty at a disciplinary hearing and the report was expunged.  ECF No. 1 at 3.

Plaintiff claims he again experienced retaliation from Rubowsky in December, 2011. Plaintiff again complained Rubowsky denied him access to legal calls by not utilizing all of the available rooms and was listening to his conversations when he was granted access to a room.  ECF No. 1 at 3.  He contends Rubowsky placed a sign on his window stating legal calls would not be permitted without a request form that required his approval.  ECF No. 1 at 4.  Plaintiff went to his case manager and complained that the policy was designed to deny him legal calls.  ECF No. 1 at 4.  The case manager spoke to Rubowsky and informed Plaintiff that there would not be a problem. ECF No. 1 at 4.

The next day, Plaintiff was permitted to make a legal call.  ECF No. 1 at 4.  While he was

2

(4:12cv229)

speaking on the telephone, he was approached by Rubowsky and told to terminate the call.  ECF No. 1 at 4.  He was taken to segregation and charged with engaging in a sexual act with himself.  ECF No. 1 at 4.  The incident report was of a higher severity so the charge was heard by the Disciplinary Hearing Officer.  ECF No. 1 at 4.  Once again, Plaintiff was found not guilty of the charge and the report was expunged.  ECF No. 1 at 4.

Plaintiff, however, was not released from segregation for 28 days.  ECF No. 1 at 4.  During his time in segregation, he was able to make legal calls only if a counselor was in the room.  ECF No. 1 at 5.  On many occasions, he claims he was denied calls to his attorney because a suitable room was not available.  ECF No. 1 at 5.  He claims that faxes from his attorney requesting legal calls were ignored.  ECF No. 1 at 5.

Plaintiff also claims he was denied access to the law library while in segregation.  ECF No. 1 at 5.  He contends Chief Rodriguez refused to grant his request to be taken to the law library in the general prison population to conduct legal research on a computer.  ECF No. 1 at 5.  He claims he was kept in segregation to prevent him from assisting other inmates with their cases.  ECF No. 1 at 5.

Finally, Plaintiff claims that legal materials sent to him by his attorney were withheld.  He contends he left NEOCC for court in Virginia.  ECF No. 1 at 6.  At the conclusion of the proceedings, Plaintiff sent his legal materials to NEOCC from Virginia.  ECF No. 1 at 6.  They arrived at the prison on December 9, 2011.  ECF No. 1 at 6.  The materials were delivered to Plaintiff on December 21, 2011, only after Plaintiff's attorney sent several letters and provided the tracking receipt.  ECF No. 1 at 6.  Plaintiff claims the delay prevented him from reviewing the

3

(4:12cv229)

documents with his attorney.  ECF No. 1 at 6.

Plaintiff claims each of these incidents was done in retaliation for his filing grievances against Rubowsky and for assisting other inmates with legal matters.  He also contends he was denied access to the courts by Rubowsky and Rodriguez.  He seeks compensatory and punitive damages.  He also suggests changes that should be made for pretrial detainees at NEOCC.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:12cv229)

*Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff contends the two Defendants denied him access to the courts and retaliated against him in violation of the First Amendment. Because the Constitution does not directly provide for damages, to sustain a constitutional cause of action, Plaintiff must proceed under a civil rights statute or common law provision that authorizes damages for constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). Plaintiff is a federal prisoner confined at NEOCC, a prison privately owned and operated by Correction Corporation of America. He seeks relief under 42 U.S.C. §1983 and *Bivens*.

### A.     42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or

5

(4:12cv229)

employee.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that his or her actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).  Here, the Defendants are not state officials, they are not acting on behalf of or obtaining significant aid from the State of Ohio, nor are they exercising a power that is reserved exclusively for the State of Ohio.  Plaintiff cannot hold the Defendants liable under § 1983.

**B.**   ***Bivens***

*Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law who acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001).  *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id*.

CCA, which owns and operates NEOCC, is a private corporation.  To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation.  *Id*. at 70-74 (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer).

6

(4:12cv229)

The Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012). "A federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving negligent exposure to infectious disease which is at issue here), must seek a remedy under state tort law." *Id*.  A Bivens remedy cannot be implied.

While *Minneci* clearly bars Eighth Amendment claims against individual employees of a private prison, it remains unclear whether First Amendment claims, such as those asserted here by Plaintiff, are of the type which fall within the scope of traditional tort law. *Id*. at 626 ("[W]e can decide whether to imply a *Bivens* action in a case where an Eighth Amendment claim or state law differs significantly from those at issue here when and if such a case arises. The possibility of such a different future case does not provide sufficient grounds for reaching a different conclusion here"). Accordingly, the Court will consider Plaintiff's First Amendment claims on their merits.

**1.      Access to the Courts**

As an initial matter, Plaintiff fails to state a claim for denial of access to the courts.  To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

7

(4:12cv229)

Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

Here, Plaintiff alleges only that he was denied access to the law library and was denied the ability to telephone his attorney. He does not allege that either Rubowsky or Rodriguez prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Absent an allegation of an injury of this nature, Plaintiff fails to state a claim for denial of access to the courts.

**2.    Retaliation**

Plaintiff's primary claim is for retaliation. To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

**a. Protected Conduct**

The first element that Plaintiff must establish for his retaliation claim is that he was engaged in conduct protected by the First Amendment. *Id.* at 394–95. Plaintiff claims Rubowsky retaliated against him for filing grievances or complaining to his unit manager of unfair treatment. Filing a

8

(4:12cv229)

non-frivolous grievance against prison officials is conduct protected by the First Amendment. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000).

Plaintiff also claims Rubowsky and Rodriguez retaliated against him for assisting other inmates with legal matters. Although prisoners are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present to provide them with access to the courts, there is no corresponding right for an inmate to be a jailhouse lawyer or to act in a representative capacity. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir.1993). In short, Plaintiff has no independent right to act like a lawyer, or to assume the role of advocate. *Gibbs*, 10 F.3d at 378. This would not be protected conduct. As it is the only claim against Chief Rodriguez, he is dismissed from this action.

### b. Adverse Action

The second element that Plaintiff must establish for his retaliation claim is that the Defendants took an adverse action against him. *Thaddeus–X*, 175 F.3d at 396. An adverse action is one that is "capable of deterring a person of ordinary firmness" from exercising the constitutional right in question. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir.2002). Plaintiff does not have to show actual deterrence. *Harbin–Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir.2005). Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct. *Hill*, 630 F.3d at 472; *Thaddeus–X*, 175 F.3d at 398. While this element is not an overly difficult one for the Plaintiff to meet, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Id.*

9

(4:12cv229)

Plaintiff alleges Rubowsky brought false conduct charges against him on two occasions after he complained to his unit manager about Rubowsky's behavior.  One of those charges was sufficiently serious to warrant a hearing by the Disciplinary Hearing Officer.  Plaintiff was acquitted of both charges and they were expunged from his record.  These actions are capable of deterring a person of ordinary firmness from engaging in the protected conduct.

### c. Motivation for Adverse Action

The third element that Plaintiff must establish for his retaliation claim to survive dismissal is that the adverse action was motivated, at least in part, by his participation in protected conduct. *Siggers–El v. Barlow*, 412 F.3d 693, 699 (6th Cir.2005).  This element addresses whether the Defendant's subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct. *Thaddeus–X*, 175 F.3d at 399.  If the prisoner can show that the Defendant's adverse actions were at least partially motivated by the prisoner's protected conduct, then the burden shifts to the Defendant to show that he would have taken the same action even absent such protected conduct. *Id*. at 399.

Here, Plaintiff makes a plausible demonstration that Rubowsky brought false charges against him because Plaintiff complained that Rubowsky would not allow him to telephone his attorney. Both conduct charges were brought within a day of the complaint being made, and both occurred after Rubowsky led him to a room utilized for attorney calls.  Plaintiff contends in one instance, Rubowsky dialed the telephone for him and then reported to his supervisors that Plaintiff was out of place.  The allegations in the Complaint appear sufficient to establish a claim of retaliation on the face of the Complaint against Officer Rubowsky.

10

(4:12cv229)

### IV.  Conclusion

Accordingly, Plaintiff's claims for denial of access to courts are dismissed pursuant to 28 U.S.C. §1915(e).  His retaliation claim against Chief Rodriguez is also dismissed pursuant to § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

This action shall proceed solely on Plaintiff's retaliation claim against Officer Rubowsky. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Officer Rubowsky**.**

IT IS SO ORDERED.

 January 11, 2013                            */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                            United States District Judge

11