**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DEMETRIUS HILL,** ) | **CASE NO. 4:12CV229** |
| ) | |
| **Plaintiff,** ) | **JUDGE BENITA Y. PEARSON** |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| **C.O. RUBOSKY,** ) | **SUPPLEMENTAL REPORT AND** |
| ) | **RECOMMENDATION OF** |
| **Defendant.** ) | **MAGISTRATE JUDGE** |

On September 30, 2013, the Court issued an Order of Reference requesting that the undersigned consider Plaintiff Demetrius Hill's ("Plaintiff") response to Defendant C.O. Rubosky's ("Defendant") motion for summary judgment that was filed after the undersigned already issued a Report and Recommendation. ECF Dkt. #27. The Court further requested that the undersigned establish a briefing schedule permitting Defendant to file a reply brief if necessary and issue a Supplemental Report and Recommendation after considering all of the briefing. *Id*. The instant Report and Recommendation constitutes the Supplemental Report and Recommendation requested by the Court.

Upon reconsideration of Defendant's motion for summary judgment, and considering Plaintiff's response to Defendant's motion for summary judgment, the undersigned finds that it is not necessary for Defendant to file a reply brief. Further, the undersigned recommends that the Court adopt the undersigned's initial Report and Recommendation recommending that the Court find that Plaintiff has failed to exhaust his administrative remedies, grant Defendant's motion for

1

summary judgment and dismiss with prejudice Plaintiff's complaint against the only remaining Defendant. ECF Dkt. #12.

## I. FACTS AND PROCEDURAL HISTORY

On January 31, 2012, Plaintiff filed a complaint in this Court alleging, inter alia, that Defendant unlawfully retaliated against him after Plaintiff complained about Defendant's conduct to prison officials and filed grievances against Defendant through the prison's grievance procedure. ECF Dkt. #1. Plaintiff averred that Defendant retaliated against him by submitting false conduct reports, which resulted in Plaintiff being placed in segregation during the investigation of said incidents and subsequently having to appear and defend conduct charges at disciplinary hearings. *Id*. Plaintiff indicated that he was acquitted at the disciplinary hearings and the reports were dismissed and expunged from his record. *Id*. Judge Pearson had dismissed all of Plaintiff's other claims against other individuals and entities, leaving only Plaintiff's retaliation claims against Defendant pending. ECF Dkt. #6.

On March 21, 2013, Defendant filed a motion for summary judgment asserting that Plaintiff had failed to exhaust his administrative remedies as to the remaining claims he had against Defendant. ECF Dkt. #12. Defendant attached an affidavit from Sean Daugherty, the Executive Assistant and Facility Grievance Officer who is responsible for overseeing the informal resolution process, coordinating the grievance procedure, investigating grievances, completing the Grievance Officer's Report, and maintaining all grievance records and documents. ECF Dkt. #12-1 at 2-3. Mr. Daugherty attested that he was familiar with all of Plaintiff's grievance filings. ECF Dkt. #12-1. Plaintiff did not file a timely response to the motion for summary judgment.

On April 5, 2013, Plaintiff filed a motion for extension of ninety days within which to file a response to the motion for summary judgment. ECF Dkt. #16. He indicated that the prison where he was housed was under lockdown and he could not access the law library or legal materials. *Id.* The undersigned granted Plaintiff's motion and ordered him to file a response to the motion for summary judgment on or before July 5, 2013. 4/5/13 nondocument Order. On June 24, 2013, Plaintiff filed another motion for an extension of time not only to respond to the motion for summary judgment but to file an amended complaint as well. ECF Dkt. #23. He indicated that he had just arrived at another prison and was waiting for his legal materials. *Id.* On July 10, 2013, the undersigned granted Plaintiff's motion and extended his time for filing until August 26, 2013. 7/10/13 nondocument Order.

After Plaintiff's time for filing had expired, the undersigned issued a Report and Recommendation on August 27, 2013 recommending that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint allegations against him with prejudice. ECF Dkt. #24. The undersigned recommended that the Court grant Defendant summary judgment and dismiss Plaintiff's complaint with prejudice because Plaintiff failed to exhaust his administrative remedies as to Defendants alleged unlawful retaliation of filing false conduct reports after Plaintiff complained about Defendant and filed grievances against him. ECF Dkt. #24. On September 9, 2013, Plaintiff filed a motion to vacate the undersigned's Report and Recommendation and requested thirty more days in which to file a response to the motion for summary judgment. ECF Dkt. #25. Plaintiff had reported that he was in detention and limited in the amount of legal materials he was allowed to have. *Id.* Plaintiff also filed a response brief in opposition to the motion for summary judgment. ECF Dkt. #26.

3

On September 27, 2013, the Court granted Plaintiff's motion for an extension of time and denied Plaintiff's motion to vacate the undersigned's Report and Recommendation. 9/27/13 nondocument Order. The Court thereafter re-referred the instant case to the undersigned and ordered the undersigned to prepare a Supplemental Report and Recommendation as to Defendant's motion for summary judgment after considering Plaintiff's response to that motion and Defendant's reply brief if the undersigned found one necessary. ECF Dkt. #27.

## II. **STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Civ. P. 56, Advisory Committee Notes ("The standard for granting summary judgment remains unchanged" despite 2010 amendments to Rule 56). Rule 56(c)(1) outlines the procedures for supporting or opposing a motion for summary judgment, stating that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1).  "The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009).  Rule 56(c)(3) provides that the Court need only consider cited materials in determining a motion for summary judgment, but the Court may consider other materials presented in the record but not called to the Court's attention by the parties.  Fed. R. Civ. P. 56(c)(3), advisory committee notes to 2010 Amendments.

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed.R.Civ.P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough; the evidence must be such that a reasonable jury could find for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### III.  LAW AND ANALYSIS

In his motion for summary judgment, Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with regard to his claims of retaliation that he alleged in his complaint. ECF Dkt. #12.  For the following reasons, the undersigned recommends that the Court find that Plaintiff has failed to exhaust his administrative remedies.

Defendant attached to his motion for summary judgment an affidavit from Mr. Daugherty, the Executive Assistant and Facility Grievance Officer at NEOCC who oversees the informal

resolution process, coordinates the grievance procedure, investigates grievances, completes the Grievance Officer's Report, and maintains all grievance records and documents. ECF Dkt. #12-1 at 2-3. Mr. Daugherty attested that all detainees at NEOCC are given a copy of a handbook which contains a summary of the facility grievance policies and procedures. *Id*. at 3. He also attested that detainees have access to the complete grievance policy at the law library and a copy of it is available for those detainees unable to visit the library, such as those in segregation. *Id*. Mr. Daugherty also outlined the administrative process for filing an emergency grievance, an informal resolution, and a formal grievance. *Id.* at 3-5.

As to Plaintiff's history of filing grievances at NEOCC, Mr. Daugherty attested that he was familiar with Plaintiff's allegations in the instant complaint and that he had access to and reviewed Plaintiff's grievance history at NEOCC. ECF Dkt. #12-1 at 7. Mr. Daugherty concluded that Plaintiff did not complete the administrative procedures for filing grievances with respect to his retaliation claims against Defendant. *Id*. Attaching each of Plaintiff's documented grievances to his affidavit, Mr. Daugherty explained that on December 14, 2011, he received an emergency grievance form from Plaintiff which alleged that Defendant violated Plaintiff's privacy rights by making slanderous comments about him to his attorney. *Id*. at 7-8. Mr. Daugherty indicated that he rejected this grievance as an emergency grievance because the allegation did not meet the definition of an emergency grievance as it did not involve "the potential for personal injury or irreparable harm" as the Policy defines. *Id.* at 8. Mr. Daugherty further attested that he informed Plaintiff in writing of the reason for rejecting the grievance and explained that Plaintiff was required to use the standard grievance procedure for such a claim, beginning with the informal grievance. *Id.* According to Mr. Daugherty, Plaintiff never filed an informal grievance as to this issue. *Id*.

Mr. Daugherty further attested that the only other grievance filed by Plaintiff at NEOCC was a December 13, 2011 formal grievance form under Policy 14-5 in which Plaintiff charged that Defendant retaliated against him for filing grievances and complaints by preventing him from making legal phone calls. ECF Dkt. #12-1 at 8. Mr. Daugherty indicated that he rejected this grievance in writing the next day because Plaintiff failed to first employ the informal resolution process under 14-5A as required by Policy 14-5. *Id*. He indicated that he informed Plaintiff of the reason for the rejection and informed him that he should use the informal resolution process first and that he could appeal Mr. Daugherty's rejection of his improperly submitted form. *Id*. at 8-9.

In his response to the motion for summary judgment, Plaintiff first asserts that Defendant has waived the right to assert Plaintiff's lack of exhaustion of his claims because Defendant repeatedly retaliated against him. ECF Dkt. #26 at 7. Plaintiff cites to *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) in support and thereafter analyzes the elements of a retaliation claim to the alleged facts in the instant case. However, *Crawford-El* concerned the defense of qualified immunity and the pleading requirement of plaintiffs in cases in which the defendant raises qualified immunity as a defense. *Id.* It does not hold that a defendant is barred from asserting a plaintiff's lack of exhaustion of claims on the basis of repeated retaliation. Plaintiff directs his assertions in this argument to establishing the elements of a retaliation claim without first addressing whether he had exhausted his administrative remedies as to these claims so that the Court can review said claims. Accordingly, the undersigned recommends that the Court find no merit to this argument by Plaintiff.

Plaintiff also contends that no administrative remedies were available to him or were required to be filed according to NEOCC's own policy and he asserts that the policy that Mr.

7

Daugherty attached to his affidavit was not given to prisoners. ECF Dkt. #26 at 13. Plaintiff contends that he and his attorney were told by his unit manager, a counselor, and duty officers that he could not file grievances about disciplinary reports written by staff. *Id*. Plaintiff alleges that he was advised to proceed through the disciplinary process and when the incident reports were dismissed, he was told that he could not appeal because the reports were in fact dismissed. *Id.*

A review of the grievance policy submitted by Defendant appears to support a finding that Plaintiff could not file a grievance concerning the disciplinary proceedings and actions taken against him. ECF Dkt. #12-1 at 14, Policy 14-5.4G (Non-grievable matters include "[d]isciplinary actions (all disciplinary action must be addressed in accordance with disciplinary procedures in place at the facility)"). Thus, while Plaintiff is correct that caselaw from other circuits holds that administrative remedies may be deemed unavailable when prison officials erroneously inform an inmate that a remedy does not exist or incorrectly describe the procedures needed to pursue the claim, *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010)("[w]hen a prisoner has no means of verifying prison officials' claims about the administrative grievance process, incorrect statements by officials may indeed make remedies unavailable."), no such error exists in this case because he was correctly informed of the procedure to appeal a disciplinary action.

However, Plaintiff's instant complaint does not challenge the disciplinary proceedings or disciplinary actions taken against him per se. Rather, he is challenging Defendant's acts of submitting allegedly false incident reports to institute disciplinary proceedings against him in retaliation for him filing grievances and complaining about Defendant. These are clearly grievable matters under Section F(4) of Policy Number 14-5.4 as they are reprisals by Defendant for Plaintiff

8

exercising the informal resolution or grievance process. A review of the grievance procedure that Mr. Daugherty attached to his affidavit defines "grievance" as "[a] written complaint concerning the facility conditions, treatment, policies, and/or procedures which is believed to personally affect the inmate/resident in a negative manner." ECF Dkt. #12-1 at 11, Policy Number 14-5.3 of CCA/NEOCC Inmate/Resident Grievance Procedures ("Grievance Procedures"). "Reprisal" is defined as "[a]ny action or threat of action against any inmate/resident for the good faith use of or good faith participation in the informal resolution process or grievance procedure." *Id.* Section E of Policy Number 14-5.4 of the Grievance Procedures is entitled "PROTECTION FROM REPRISAL" and states that inmates/residents shall not be subjected to retaliation, harassment or discipline for using the informal resolution or grievance process. Policy Number 14-5.4, Section E of Grievance Procedures. Section F of Policy Number 14-5.4 lists the matters for which an inmate/resident may file grievances, which include the following:

> 1. Violation of state and federal laws, regulations, or court decisions, to include but not limited to violations of the Americans with Disabilities, constitutional rights, etc.;
>
> 2. Application of rules, policies, and/or procedures towards inmates/residents over which CCA has control;
>
> 3. Individual staff and inmate/resident actions, including any denial of access to the informal resolution or grievance processes;
>
> *4. Reprisals against inmates/residents for utilizing the informal resolution or grievance processes.*

Policy Number 14-5.4, Section F of the Grievance Procedures.

And the grievances that Plaintiff already filed constitute further support negating his assertion that he relied upon the staff's representations that he could not file grievances because on

9

both of the grievance forms that Plaintiff filed, he checked the grievance categories of "4. Reprisal for using information resolution/grievance process" and "20. Violations of federal or state regulations, laws, court decision (i.e. ADA or Constitutional rights)" as the grounds for his grievances. ECF Dkt. #12-2 at 25, 30. He was therefore aware of his ability to utilize the grievance process against Defendant for his alleged retaliatory acts.

Plaintiff also asserts in his response to the motion for summary judgment that the Grievance Procedures attached by Defendant are not those that are provided to prisoners. ECF Dkt. #26 at 15. He attaches relevant portions of NEOCC's Inmate Admission and Orientation Handbook, approved by the Acting Warden on May 23, 2011. *Id.* at 1. Plaintiff is correct that the Grievance Procedure attached by Mr. Daugherty is not the same as that in the Handbook, and Mr. Daugherty indicates as much, attesting that inmates/detainees are provided a summary of the grievance procedure in the Inmate Handbook, but the complete grievance procedure is available at the law library, through the unit counselor, or through other means if inmates/detainees are placed in segregation. ECF Dkt. #12-1 at 3. Mr. Daugherty indicated in his affidavit that he had attached the complete grievance procedure to his affidavit. *Id.* However, the Inmate Admission and Orientation Handbook contains a section entitled Law Library and Legal Access and indicates that the United States Supreme Court has held that inmates meet the access to courts requirements by the use of a law library and inmates can request photocopies of legal documents for their use. ECF Dkt. #26-3 at 11. The Handbook also contains a section entitled "Special Procedures for Segregation Inmates-Access to Legal Services" which indicates that a segregated prisoner may access law library services through an inmate request form. *Id.*

And while Plaintiff focuses on the disciplinary procedures section of the Handbook, the Handbook also contains a "Grievance Procedures" section which cites to CCA Policy 14-5 Inmate Resident Grievance Procedure and outlines the informal resolution procedure, followed by the formal grievance procedure, and the right to appeal. ECF Dkt. #26-3 at 31-32. The section further advises that "[g]rievance procedures are available for your review in your Unit Counselor's office. All matters dealing with care and supervision are CCA matters and need to be addressed through the CCA grievance procedures." *Id*. at 31. It further states that although revisions have been made, "[i]t is still necessary to complete the informal resolution prior to filing a grievance." *Id.* at 31.

## IV.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court find that Plaintiff has failed to exhaust his administrative remedies as to his claims against this Defendant and DISMISS WITH PREJUDICE these claims against Defendant.

Dated: January 13, 2014                             */s/George J. Limbert*
                                                    **GEORGE J. LIMBERT**
                                                    **UNITED STATES MAGISTRATE JUDGE**

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walter,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985); and Local Rule 72.3